# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-0963V**
(not to be published)

| | |
|---|---|
| DENNIS CASHEL,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 3, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Robert H. Pedroli, Pedroli & Gauthier, LLC, Clayton, MO, for Petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 4, 2020, Dennis Cashel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome which meets the definition for a Table GBS or, in the alternative, was caused-in-fact by the influenza vaccine he received on September 24, 2018. (Petition at ¶¶ 2, 23, 26). On May 7, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 24).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 3, 2021 (ECF No. 31), requesting a total award of $42,228.98 (representing $41,405.00 in fees and $823.98 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 30). Respondent reacted to the motion on August 5, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 32). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. Hourly Rates

Petitioner requests compensation for attorney Robert H. Pedroli, Jr. at the rate of $350 per hour for all time billed between 2019 – 2021. (ECF No. 31 at 2). Additionally, Petitioner requests the rate of $200.00 for all time billed by attorney Eric Ruttencutter and the "staff fee" rate of $75.00 per hour. The requested rates are reasonable, and I award them herein.

B. Block Billing

Counsel has grouped multiple activities into single time entries - a frowned-upon practice that makes a reasoned analysis of the work actually performed on this matter impossible. *Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorneys seeking an award of fees in the Vaccine Program are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68.[3] As noted below, I have had to take into account this block billing in several instances, and it has generally resulted in a fees reduction.

C. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

[3] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf

Here, Petitioner's counsel appears to have billed some time to paralegal-level work. Examples of these entries include (but are not limited to):

- April 8, 2019 (0.60 hrs) "Order medical records from health care providers and set up new file";
- September 12, 2019 (0.80 hrs) "Telephone call with client and Linda wife, re next visit, Dr. Kos, need report, status, review records, no rehab chart yet. Need Pro Rehab. Follow up with medical providers regarding production of records and non-production.";
- December 11, 2019 (0.50 hrs) "Records request Dr. Kos with documents on GBS Vaccine act sent to her";
- December 26, 2019 (1.0 hrs) "Call to get password for Athletico records and then download records and prelim review of medical records re: onset and diagnosis";
- June 5, 2020 (1.70 hrs) "Organizing medical records to attach to the petition"; and
- November 24, 2020 (0.20 hrs) "Letter and authorization for additional records of Dr. Georger regarding last and most recent visit."

(ECF No. 31 at 2-4, 23).

As multiple billing entries are billed as blocked entries, the amount of time amount of time spent on each task that is considered paralegal work cannot be determined.

D. Administrative Time

Besides billing paralegal work at attorney rates, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Multiple line entries were billed with tasks that are considered administrative including, paying invoices, printing, faxing and scanning documents. Examples of these include (but not limited to):

- April 23, 2019 (0.60 hrs) "Receive bills for medical records via email x2 and paid same invoices same day online with credit card. Advise attorney. Pay fees online for records;

- April 25, 2019 (0.30) "Receive and review email from Quest x2 for Doctors Georger and Dr. Bakhit, print records 77 pages and 275 pages.;

- May 5, 2020 (0.20 hrs) "Mail and fax affidavit to Dr. Kos. Obtain receipt";

- June 8, 2020 (0.60 hrs) "Have exhibits scanned and page bate stamped (staff); and

- July 29, 2020 (0.50 hrs) "Call the clerk re filing questions, administrative personnel."

(ECF No. 31 at 23 – 25).

As multiple billing entries are billed as blocked entries, the amount of time amount of time spent on each task that is considered paralegal work cannot be determined.

E. Excessive and Duplicative Billing

Special masters have previously reduced attorney's fee awards due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). In particular, they have noted the inefficiency that results when cases are staffed by multiple individuals without a reasonable explanation for so doing. *See Sabella*, 86 Fed. Cl. at 209.

In reviewing the invoices submitted, I found several instances in which multiple attorneys and staff members reviewed the same documents and filings. Examples of these include:

- September 12, 2019 RHC (0.80 hrs) "Telephone call with client and Linda wife, re next visit, Dr. Kos, need report, status, review records, no rehab chart yet. Need

Pro Rehab. Follow up with medical providers regarding production of records and non production." September 12, 2019 STAFF (0.20 hrs) "assist with status of receipt of medical records";

- March 20, 2020 RHC (3.20 hrs) "Review and outline Mercy Hospital records." March 26, 2020 EAR (4.10 hrs) "Review and outline mercy rehab hospital records and review outline of Mercy Hospital St. Louis"; and

- May 29, 2020 (0.50 hrs) "Calls with Tara of Dr. Kos office regarding the failure to receive the affidavit sent via fax and mail and resend?? Three way call with Lindzie. Resending fax right now, again." STAFF (0.20 hrs) "assist with status of receipt of medical records."

Accordingly, such duplicative and unnecessary billing provides additional grounds for adjusting downward the fees to be awarded.

F. Overall Reductions

All of the above justifies an across-the-board reduction of the fees to be awarded. In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). I thus reduce the request for attorney fees by 25 percent. This results in a reduction of **$10,351.25**.[4]

## ATTORNEY COSTS

Petitioner requests $823.98 in overall costs. (ECF No. 31 at 27). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$31,877.73** (representing $31,053.75 in fees and $823.98 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In

[4] This amount consists of $41,405.00 x .25 = $10,351.25.

the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.